MARTIN MINSTER *vs.* A. B. HOLBERT.

December 16, 1884.

**Evidence—Declaration of Alleged Agent.**—Order granting a new trial, because a question addressed to a witness was improperly excluded, reversed, on the ground that the question was immaterial and therefore properly ruled out.

Appeal by defendant from an order of the district court for Stearns county, *Collins,* J., presiding, setting aside the report of a referee, and granting a new trial.

*E. H. Morse* and *David T. Calhoun,* for appellant.

*O. W. Baldwin,* for respondent.

BERRY, J. This action for breach of an alleged warranty of a mare was tried by a referee. The plaintiff, the first witness called, in his own behalf, testified that defendant "warranted her sound, and without a blemish about her;" that when she was sent down to

Clear Lake, (where plaintiff resided,) for trial, she acted "as if she were short of wind." He was asked, "Was there any explanation offered by the party who brought her there of this apparent shortness of wind?" At the time when the question was put, no testimony had been introduced to show who "the party" was by whom the mare was brought, nor what relation, if any, existed between him and defendant. In this state of the testimony the question was clearly immaterial, and therefore properly excluded, for the reason that there was nothing in the case tending to show that "the party" mentioned was authorized to speak for, or to represent, or in any way bind or affect, the defendant. The "memorandum" of the trial court shows that the new trial was granted solely upon the ground that the question mentioned was erroneously excluded. For reasons above stated, this ground is in our opinion untenable.

It is, however, argued by respondent, that, even if the trial court erred in holding the exclusion improper, the order granting a new trial ought to be upheld, on the ground that the referee's findings of fact are not justified by the evidence. Conceding, for the purpose of this case, that this alleged ground for a new trial can properly be considered by us upon the present appeal, although it was not passed upon by the court below, we cannot, after a careful perusal of the settled case, discover any want of evidence having a reasonable tendency to support the findings of fact.

Order reversed.